## STANTON *v.* ADAMS.

No. 10272. JANUARY 19, 1935.

*Roberts & Roberts,* for plaintiff.

*H. O. Godwin* and *H. C. Cox,* for defendant.

BECK, Presiding Justice. A fi. fa. based on a judgment in favor of Stanton was levied on realty to which Mrs. M. E. Adams filed a claim. She relied for title upon certain deeds executed to her by her husband, which were prior in date to the judgment on which

the fi. fa. was based. The contention of the claimant was that the consideration of these deeds was money loaned and advanced by her to the husband long prior to the execution of the deeds. Stanton sought to have these deeds declared void on the ground that they were voluntary deeds executed to hinder, delay, and defraud creditors, setting forth that he had extended credit while title to the property conveyed by the deeds was in Adams. Upon the trial of the case both sides introduced evidence. The jury returned a verdict in favor of the claimant, and the plaintiff in fi. fa. excepted to the refusal of a new trial.

■ There was evidence to authorize the verdict.

■ The charges excepted to were not error. The fact that the court did not charge the jury on the secret equities of the wife in the property conveyed by her husband to her was not error. The doctrine of secret equities was not involved in the case, the wife relying upon the conveyances from her husband. The question whether the deeds were voluntary, or were bona fide conveyances for a valuable consideration, and not for the purpose of hindering, delaying, and defrauding creditors, was fully and fairly submitted by the court to the jury. These charges presented the true issue in the case, and under the evidence the jury were authorized to find in favor of the claimant.

*Judgment affirmed. All the Justices concur.*